# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| SEBRINA HILL, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br>v.<br><br>BADIA SPICES, INC.<br><br>   Defendant. | CASE NO.: 1:22-cv-20258<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Sebrina Hill ("Plaintiff"), individually and on behalf of all others similarly situated, by her undersigned attorneys, against Defendant Badia Spices, Inc. ("Badia" or "Defendant"), alleges the following based upon personal knowledge as to herself and her own action, and, as to all other matters, upon information and belief and investigation of her counsel, as follows:

### INTRODUCTION

1. This is a consumer class action brought individually by Plaintiff and on behalf of all persons in the below-defined proposed Classes, all of whom purchased one or more spices manufactured by Defendant.[1]

2. Defendant is one of the premier manufacturers and distributors of spices and seasonings in the United States.

---

[1] The purchased products include Badia-branded basil, black pepper, chili powder, coriander, cumin, curry powder, garlic powder, ginger, oregano, paprika, saffron, sesame seed, thyme, turmeric, white pepper (the "Spices."). Plaintiff reserves to right to amend the Complaint to include/revise the list of products subject to this Complaint.

3. Defendant does not list heavy metals as an ingredient on the Spices' label nor does it warn of the potential presence of heavy metals in its Spices.

4. For over 50 years, Defendant has offered a diverse range of food products, most notably spices and seasonings, which are Defendant's signature products and best sellers.

5. Defendant touts itself as a company that cares for the well-being of its customers: "Our goal is to help raise the new generation of American citizens who believe in dignity, human kindness and justice for all."[2]

6. Unbeknown to Plaintiff and members of the proposed Classes, and contrary to the representations on the Spices' label, the Products contain heavy metals, including arsenic, cadmium, and lead, at levels above what is considered safe for children and adults, which, if disclosed to Plaintiff and members of the proposed Classes prior to purchase, would have caused Plaintiff and members of the proposed Classes not to purchase or consume the Spices.

7. As a result, the Spices' labeling is deceptive and misleading.

8. Plaintiff and the members of the proposed Classes, as defined below, thus bring claims for consumer fraud and seek damages, injunctive and declaratory relief, interest, costs, and attorneys' fees.

**THE PARTIES**

9. Plaintiff is a resident and citizen of the State of Ohio, residing in Cleveland, Ohio, and is a member of the proposed Classes defined herein. She purchased various

---

[2] https://badiaspices.com/news/ (last accessed Jan. 20, 2022).

Spices, including but not limited to oregano, paprika, and garlic powder in Ohio since at least 2009, most recently purchasing the Spices in November 2021.

10. Defendant Badia Spices, Inc. is a Florida corporation, with its principal place of business at 1400 NW 93rd Avenue, Miami, Florida 33172. As such, Defendant is a resident and citizen of Florida.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA") codified as 28 U.S.C. § 1332(d)(2) because the claims of the members of the proposed Classes exceed $5,000,000.00 and because Defendant is a citizen of a different state than most members of the proposed Classes.

12. This Court has personal jurisdiction over Defendant because Defendant regularly sells and markets products and conducts business in this District and/or under the stream of commerce doctrine by allowing products to be sold in this District, including the Spices.

13. Venue is proper in this Court because a substantial portion of the events complained of herein took place in this District, and this Court has jurisdiction over the Defendant because Defendant resides in this District.

## FACTUAL ALLEGATIONS

14. Defendant manufactures, distributes, promotes, offers for sale, and sells the Spices, both in the past and currently. Defendant has advertised and continues to advertise the Products through television commercials, print advertisements, point-of-sale

3

displays, product packaging, Internet advertisements, and other promotional materials.

15. An investigation by known consumer-advocacy group Consumer Reports revealed that Spices manufactured by Defendant contain "potentially dangerous heavy metals:"[3]

> "Roughly one-third of the tested products, 40 in total, had high enough levels of arsenic, lead, and cadmium combined, on average, to pose a health concern for children when regularly consumed in typical serving sizes. Most raised concern for adults, too."[4]

16. Exposure to heavy metals causes permanent decreases in IQ, diminished future economic productivity, and increased risk of future criminal and antisocial behavior in children. Toxic heavy metals endanger infant neurological development and long-term brain function. Lead and arsenic are heavy metals known to cause a wide spectrum of adverse outcomes in pregnancy such as abortions, retarded growth at the intrauterine cavity, skeletal deformities, malformations and retarded development especially of the nervous system.[5]

17. Young children are particularly vulnerable to lead because the physical and behavioral effects of lead occur at lower exposure levels in children than in adults. A dose of lead that would have little effect on an adult can have a significant effect on a child. In children, low levels of exposure have been linked to damage to the central

---

[3] https://www.consumerreports.org/food-safety/your-herbs-and-spices-might-contain-arsenic-cadmium-and-lead/#tests (last accessed January 19, 2022)
[4] *Id.*
[5] *Id.*

and peripheral nervous system, learning disabilities, shorter stature, impaired hearing, and impaired formation and function of blood cells.[6]

18. EPA has set the maximum contaminant level goal for lead in drinking water at zero because lead is a toxic metal that can be harmful to human health even at low exposure levels. Lead is persistent, and it can bioaccumulate in the body over time.[7]

19. The Agency for Toxic Substances and Disease Registry states that there may be no threshold for lead with regards to developmental impact on children. "In other words there are no safe limits for [lead]."[8]

## FED. R. CIV. P. 9(b) ALLEGATIONS

20. Rule 9(b) of the Federal Rules of Civil Procedure provided that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

21. **WHO:** Defendant made material misrepresentations and/or omissions of fact in its labeling and marketing of the Spices by misrepresenting those Spices' composition and/or omitting the presence of heavy metals.

---

[6] *See* htttps://www.cdc.gov/nceh/lead/prevention/pregnant.htm.
[7] *See* https://www.epa.gov/ground-water-and-drinking-water/basic-information-about-lead-drinking-water.
[8] G. Schwalfenberg, I. Rodushkinb, S.J. Genuis, "Heavy metal contamination of prenatal vitamins," Toxicology Reports 5 at 392 (2018).

22. **WHAT:** Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Spices do not contain heavy metals. Defendant omitted from Plaintiff and Class Members that the Spices contain heavy metals. Defendant knew or should have known this information is material to all reasonable consumers and impacts consumers' purchasing decisions. Yet, Defendant has and continues to represent that the Spices are of a composition not containing heavy metals when they do contain heavy metals, and has omitted from the Spices' labeling the fact that they contain heavy metals.

23. **WHEN:** Defendant made material misrepresentations and/or omissions detailed herein, including that the Spices do not contain heavy metals, continuously throughout the applicable Class period(s).

24. **WHERE:** Defendant's material misrepresentations and omissions, that the Spices do not contain heavy metals, were made on the front labeling and packaging of the Products and throughout Defendant's advertising. Defendant's representations and omissions were viewed by every purchaser, including Plaintiff, at the point of sale in every transaction. The Spices are sold worldwide in brick-and-mortar stores and online store nationwide.

25. **HOW:** Defendant omitted from the Spices' labeling the fact that they contain heavy metals. And as discussed in detail throughout this Complaint, Plaintiff and Class Members read and relied on Defendant's front-label representations and omissions before purchasing the Spices.

26. **WHY:** Defendant misrepresented its Spices as not containing heavy metals and omitted from the Spices' labeling the fact that they do contain heavy metals for the express purpose of inducing Plaintiff and Class Members to purchase the Spices at a substantial price premium. As such, Defendant profited by selling the misrepresented Spices to at least thousands of consumers throughout the nation.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action individually and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23. The class definition(s) may depend on the information obtained throughout discovery. Notwithstanding, at this time, Plaintiff brings this action and seeks certification of the following proposed Classes:

    **National Class**: All persons within the United States who purchased and consumed the Spices from the beginning of any applicable limitations period through the date of class certification.

    **Ohio Sub-Class**: All persons in the State of Ohio who purchased and consumed the Spices from the beginning of any applicable limitations period through the date of class certification.

28. Excluded from the proposed Classes are the Defendant, and any entities in which the Defendant has controlling interest, the Defendant's agents, employees and its legal representatives, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and Plaintiff's counsel, their staff members, and their immediate family.

29. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

30. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Classes are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Classes number in the thousands to tens of thousands. The number of members in the Classes is presently unknown to Plaintiff but may be verified by Defendant's records. Members of the Classes may be notified of the pendency of this action by mail, email, Internet postings, and/or publication.

31. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual members of the Classes. Such common questions of law or fact include, but are not limited to, the following:

    a. Whether the Spices contain dangerous levels of heavy metals;
    b. Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Spices are deceptive;
    c. Whether Defendant's actions violate the state consumer fraud statutes invoked below;
    d. Whether Defendant's actions constitute common law fraud;
    e. Whether Plaintiff and Members of the Classes were damaged by Defendant's conduct;

  **f.** Whether Defendant was unjustly enriched at the expense of Plaintiff and Class Members; and

  **g.** Whether Plaintiff and Class Members are entitled to injunctive relief.

32. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** The claims of the named Plaintiff are typical of the claims of other Members of the Classes. All Members of the Classes were comparably injured by Defendant's conduct described above, and there are no defenses available to Defendant that are unique to Plaintiff or any particular members of the Classes.

33. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because her interests do not conflict with the interests of other Members of the Classes; she has retained class counsel competent to prosecute class actions and financially able to represent the Classes.

34. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Members of the Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Members of the Classes as a whole. In particular, Plaintiff seeks to certify the Classes to enjoin Defendant from selling or otherwise distributing spices until such time that Defendant can demonstrate to the Court's satisfaction that their spices are accurately labeled.

35. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other means of adjudication for this controversy. It would be impracticable for

Members of the Classes to individually litigate their own claims against Defendant because the damages suffered by Plaintiff and the Members of the Classes are relatively small compared to the cost of individually litigating their claims. Individual litigation would create the potential for inconsistent judgments and delay and expenses to the court system. A class action provides an efficient means for adjudication with fewer management difficulties and comprehensive supervision by a single court.

## CAUSES OF ACTION

### COUNT I
### UNJUST ENRICHMENT
**(On Behalf of the National Class)**

36. Plaintiff, individually and on behalf of the National Class, repeats and realleges all previously alleged paragraphs, as if fully alleged herein.

37. Plaintiff and the putative Class Members conferred a benefit on Defendant when they purchased the Spices, of which Defendant had knowledge. By its wrongful acts and omissions described herein, including selling the Spices, which contain heavy metals, including arsenic, cadmium, and lead at levels above what is considered safe for children and adults, Defendant was unjustly enriched at the expense of Plaintiff and the putative Class Members. Plaintiff's detriment and Defendant's enrichment were related to and flowed from the wrongful conduct challenged in this Complaint.

38. Defendant has profited from its unlawful, unfair, misleading, and deceptive practices at the expense of Plaintiff and the putative Class Members under circumstances in which it would be unjust for Defendant to be permitted to retain the benefit. It would

be inequitable for Defendant to retain the profits, benefits, and other compensation obtained from their wrongful conduct as described herein in connection with selling the Spices.

39. Defendant has been unjustly enriched in retaining the revenues derived from the proposed Class Members' purchases of the Spices, which retention of such revenues under these circumstances is unjust and inequitable because Defendant manufactured defective Spices, and misrepresented the nature of the Spices, misrepresented their composition, and knowingly marketed and promoted dangerous and defective Spices, which caused injuries to Plaintiff and Members of the proposed Class because they would not have purchased the Spices based on the same representations if the true facts concerning the Spices had been known.

40. Plaintiff and the putative Class Members have been damaged as a direct and proximate result of Defendant's unjust enrichment because they would not have purchased the Spices on the same terms or for the same price had they known the true nature of the Spices and the misstatements regarding what the Spices were and what they contained.

41. Plaintiff and the putative Class Members are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant.

42. When required, Plaintiff and the putative Class Members are in privity with Defendant because Defendant's sale of the Spices was either direct or through authorized sellers. Purchasing through authorized sellers is sufficient to create such

privity because such authorized sellers are Defendant's agents for the purpose of the sale of the Spices.

43. As a direct and proximate result of Defendant's wrongful conduct and unjust enrichment, Plaintiff and the putative Class Members are entitled to restitution of, disgorgement of, and/or imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant for its inequitable and unlawful conduct.

## COUNT TWO
## FRAUD
### (On Behalf of the National Class)

44. Plaintiff, individually and on behalf of the National Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

45. Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity:

- **WHO:** Defendant made material misrepresentations and/or omissions of fact in its labeling and marketing of the Spices by misrepresenting those Spices' composition and/or omitting the presence of heavy metals.

- **WHAT:** Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Spices do not contain heavy metals. Defendant omitted from Plaintiff and Class Members that the Spices contain heavy

metals. Defendant knew or should have known this information is material to all reasonable consumers and impacts consumers' purchasing decisions. Yet, Defendant has and continues to represent that the Spices are of a composition not containing heavy metals when they do contain heavy metals, and has omitted from the Spices' labeling the fact that they contain heavy metals.

- **WHEN:** Defendant made material misrepresentations and/or omissions detailed herein, including that the Spices do not contain heavy metals, continuously throughout the applicable Class period(s).

- **WHERE:** Defendant's material misrepresentations and omissions, that the Spices do not contain heavy metals, were made on the front labeling and packaging of the Products and throughout Defendant's advertising. Defendant's representations and omissions were viewed by every purchaser, including Plaintiff, at the point of sale in every transaction. The Spices are sold worldwide in brick-and-mortar stores and online store nationwide.

- **HOW:** Defendant omitted from the Spices' labeling the fact that they contain heavy metals. And as discussed in detail throughout this Complaint, Plaintiff and Class Members read and relied on Defendant's front-label representations and omissions before purchasing the Spices.

- **WHY:** Defendant misrepresented its Spices are not containing heavy metals and omitted from the Spices' labeling the fact that they do contain heavy metals for the express purpose of inducing Plaintiff and Class Members to purchase the Spices at a substantial price premium. As such, Defendant profited by selling the misrepresented Spices to at least thousands of consumers throughout the nation.

46. As alleged herein, Defendant made these material representations and omissions in order to induce Plaintiff and Class Members to purchase the Spices.

47. As alleged in detail herein, Defendant knew the misrepresentations and omissions regarding the Spices were false and misleading but nevertheless made such representations and omissions through the marketing, advertising and on the Spices' labeling. In reliance on these representations and omissions, Plaintiff and Class Members were induced to, and did, pay monies to purchase the Spices.

48. Had Plaintiff and the Class known the truth about the Spices, they would not have purchased the Spices.

49. As a proximate result of the fraudulent conduct of Defendant, Plaintiff and Class Members paid monies to Defendant, through its regular retail sales channels, to which Defendant is not entitled, and have been damaged in an amount to be proven at trial.

**COUNT THREE**
**Violation of the Ohio Consumers Sales Practices Act**
**Ohio Revised Code § 1345.01**
**(On Behalf of the Ohio Class)**

50. Plaintiff, individually and on behalf of the Ohio Subclass, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

51. Defendant is a supplier within the definition of the Ohio Consumer Sales Practices Act, Ohio Revised Code § 1345.01, as it supplied and manufactured the Products that Plaintiff and members of the Ohio Class purchased.

52. Plaintiff and the Ohio Class are consumers as defined in Ohio Revised Code § 1345.01 who purchased the Products for personal, family or household use.

53. Plaintiff and the Ohio Class purchased the Products based on Defendant's false and misleading representations and omissions on the labels and/or other marketing materials, including that the Product does not contain heavy metals and omitting that the Product in fact does contain heavy metals. These were consumer transactions.

54. In the absence of such false and misleading representations and omissions, Plaintiff and the Ohio Class would not have purchased the Products at all or would not have purchased them at the price at which they were sold.

55. Defendant's false and misleading statements regarding the Products were material to a reasonable consumer and were designed to and did affect consumer decisions and conduct, including the decisions by Plaintiff and the Ohio Class to purchase the Products at the price they purchased them.

56. Defendant's false and misleading statements regarding the Products constitute unfair, deceptive and/or unconscionable acts or practices in connection with consumer transactions, offend public policy as established by statute and/or are immoral, unethical, oppressive and unscrupulous.

57. Defendant's conduct substantially injured consumers, including Plaintiff and the Ohio Class, where the Products were sold. Defendant's conduct directly, foreseeably and proximately caused Plaintiff and the Ohio Class to suffer an ascertainable loss when they paid a premium for the Products beyond what they should have paid. As Defendant knows, Plaintiff and Class members would not have paid the prices they paid for the Products absent Defendant's false and misleading representations and

omissions concerning the presence of heavy metals in the Products. These injuries are not outweighed by any countervailing benefits to consumers.

58. In light of Defendant's false and misleading statements regarding the Products, consumers such as Plaintiff and the Ohio Class could not have reasonable avoided the losses caused by such false and misleading statements.

59. As described herein, Defendant violated Ohio Revised Code § 1345.2 by:

- Committing unfair or deceptive acts or practices in connection with consumer transactions. Id. §1345.02(A);

- Representing the Products have sponsorship, approval, performance characteristics, accessories, uses or benefits that they do not have. Id. §1345.02(B)(1);

- Representing the Products are of a particular standard, quality, grade, style, prescription, or model that they are not. Id. § 1345.02(B)(2); and

- Representing the Products have been supplied in accordance with previous representations when they have not. Id. 1345.02(B)(5).

60. As described herein, Defendant also violated Ohio Revised Code § 1345.03 (A) by committing unconscionable acts or practices in connection with consumer transactions. Defendant:

- Knew at the time the consumer transactions were entered into of the inability of Plaintiff Parrish and Ohio Class to receive substantial benefits from the subject of the consumer transactions, id. §1345.03(b)(3); and

- Knowingly made misleading statements of opinion on which Plaintiff Parrish and Ohio Class were likely to rely to their detriment, id. §1345.03(b)(6).

61. As described herein, Defendant's false and misleading statements regarding the Products also violated the following regulations:

- Ohio Administrative Code 109:4-3-02(A)(1), which provides that:

   It is a deceptive act or practice in connection with a consumer transaction for a supplier, in the sale or offering for sale of goods or services, to make any offer in written or printed advertising or promotional literature without stating clearly and conspicuously in close proximity to the words stating the offer any material exclusions, reservations, limitations, modifications, or conditions. Disclosure shall be easily legible to anyone reading the advertising or promotional literature and shall be sufficiently specific so as to leave no reasonable probability that the terms of the offer might be misunderstood.; and

- Ohio Administrative Code 109:4-3-10(A), which provides that:

   It shall be a deceptive act or practice in connection with a consumer transaction for a supplier to…

   Make any representations, claims, or assertions of fact, whether orally or in writing, which would cause a reasonable consumer to believe such statements are true, unless, at the time such representations, claims, or assertions are made, the supplier possesses or relies upon a reasonable basis in fact such as factual, objective, quantifiable, clinical or scientific data or other competent and reliable evidence which substantiates such representations, claims, or assertions of fact…

62. Defendant was on notice before the filing of this suit that its conduct in misleading consumers about the Product violated the Ohio Consumer Sales Practices Act, including without limitation: the Consumer Reports article entitled "Your Herbs and

Spices Might Contain Arsenic, Cadmium, and Lead", disclosing independent testing of Defendant's product that showed concerning levels of heavy metals in its Products, published November 9, 2021.

63. Plaintiff and the Ohio Class are entitled to recover damages and/or appropriate relief as a result of Defendant's misconduct described herein.

64. Plaintiff and the Ohio Class conferred a monetary benefit on Defendant by purchasing the Products, which benefit Defendant accepted and retained and as a result of which Defendant profited.

65. Plaintiff and the Ohio Class relied on the Defendant's false, misleading and inequitable labeling and advertisement of the Product described herein, yet Defendant failed to provide Plaintiff and the Ohio Class with the benefits advertised.

66. It would be unjust to permit Defendant to retain the benefits Plaintiff and the Ohio Class conferred on it, such that Defendant should be compelled to disgorge into a common fund or constructive trust, for the benefit of Plaintiff and the Ohio Class, proceeds that it unjustly received from them. In the alternative, Defendant should be compelled to refund the amounts that Plaintiff and the Ohio Class overpaid.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Classes proposed in this Complaint, respectfully requests that the Court enter judgment as follows:

A. Declaring that this action is a proper class action, certifying the Classes as requested herein, designating Plaintiff as Class Representative, and appointing the undersigned counsel as Class Counsel for the Classes;

B. Ordering Defendant to pay actual damages to Plaintiff and the other members of the Classes;

C. Ordering Defendant to pay restitution to Plaintiff and the other members of the Classes;

D. Ordering Defendant to pay punitive damages, as allowable by law, to Plaintiff and the other members of the Classes;

E. Ordering Defendant to pay statutory damages, as provided by the applicable state consumer protection statutes invoked herein, to Plaintiff and the other members of the Classes;

F. Ordering Defendant to pay reasonable attorneys' fees and litigation costs to Plaintiff and the other members of the Classes, as allowable by law;

G. Ordering Defendant to pay both pre- and post-judgment interest, as allowable by law, on any amounts awarded; and

H. Ordering such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all claims in this Complaint so triable. Plaintiff also respectfully requests leave to amend this Complaint to conform to the evidence, if such amendment is needed for trial.

Dated:  January 22, 2022

Respectfully submitted,

/s/ Jake Phillips
Jacob Phillips
Florida Bar No. 120130
**NORMAND PLLC**
3165 McCrory Pl., Ste. 175
Orlando, FL 32803
Tel: 407-603-6031
Jacob.phillips@normandpllc.com
ean@normandpllc.com

Jonathan Shub*
Kevin Laukaitis*
**SHUB LAW FIRM LLC**
134 Kings Highway E., 2nd Floor
Haddonfield, NJ 08033
Tel: (856) 772-7200
Fax: (856) 210-9088
jshub@shublawyers.com
klaukaitis@shublawyers.com

Gary E. Mason*
**MASON LIETZ & KLINGER, LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Tel: 202-640-1168
Fax: 202-429-2294
gmason@masonllp.com

Gary M. Klinger*
**MASON LIETZ & KLINGER, LLP**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel: 202-640-1168
Fax: 202-429-2294
gklinger@masonllp.com

*pro hac vice to be filed*

*Attorneys for the Plaintiff and the Putative Classes*